IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| SCHUYLER LANE DAVIS § | |
| § | |
| v. § | |
| § | Case No. 2:20-cv-246-RSP |
| COMMISSIONER, SOCIAL § | |
| SECURITY ADMINISTRATION | |

**MEMORANDUM RULING**

On February 26, 2020, Administrative Law Judge Evangeline Mariano-Jackson issued a decision finding that Petitioner Schuyler Lane Davis was not disabled within the meaning of the Social Security Act from May 15, 2017 through the date of the decision. Mr. Davis, who was 58 with a high school education and three years of college at that time, was found to be suffering from severe impairments consisting of chronic obstructive pulmonary disease, major depressive disorder, anxiety disorder, attention deficit disorder, and posttraumatic stress disorder. These impairments resulted in some restriction on his ability to work, and he had not engaged in any substantial gainful activity since at least May 15, 2017. Tr. 18.[1] Before that time he had worked as a pipefitter and fabricator for more than 30 years. Tr. 56. He was unable to return to that type of work because it is considered "skilled" work requiring the ability to carry out complex instructions. Tr. 63. In 2019, Petitioner made two unsuccessful attempts to return to pipefitting with two different employers. Both times he was unable to do the work. Tr. 49-50.

---

[1] The ALJ notes that Petitioner worked in all four quarters of 2017, earning $22,064.29, but only earned $3,779.40 thereafter in 2018 and therefore the ALJ "proceeds with the next step in the sequential evaluation." Tr. 18.

1

After reviewing the medical records and receiving the testimony at the October 18, 2019 hearing at which Petitioner was represented by his counsel Renato Bringas, the ALJ determined that Petitioner had the residual functional capacity to perform the full range work at all exertional levels but with the following nonexertional limitations: he was limited to frequent but not constant climbing, and only occasional exposure to wetness, humidity, dust, odors, gases, fumes, other pulmonary irritants and poor ventilation.  He can tolerate only occasional exposure to extreme heat or cold and direct sunlight.  He can understand, remember and carry out detailed but not complex instructions, free of any fast-paced production requirements.  He can have frequent but not constant interaction with supervisors and coworkers.  He is limited to only occasional interaction with the public.

Relying upon the testimony of a vocational expert, Byron J. Pettingill, the ALJ determined that Petitioner lacked the capacity to perform his past relevant work as a pipefitter or fabricator as the jobs are normally performed. However, the ALJ concluded that Petitioner did have the capacity to perform jobs that exist in significant numbers in the national economy such as warehouse worker, building maintenance laborer, and hand packager.  Tr. 29.  This finding resulted in the determination that Petitioner was not entitled to Social Security Disability benefits.  Petitioner appealed this finding to the Appeals Council, which denied review on May 27, 2020.  Petitioner timely filed this action for judicial review seeking remand of the case for award of benefits.

This Court's review is limited to a determination of whether the Commissioner's final decision is supported by substantial evidence on the record as a whole and whether the Commissioner applied the proper legal standards in evaluating the evidence. See *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir.1995); *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir.1994),

cert. denied, 514 U.S. 1120, 115 S.Ct. 1984, 131 L.Ed.2d 871 (1995). Substantial evidence is more than a scintilla, but can be less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir.1995). A finding of no substantial evidence will be made only where there is a "conspicuous absence of credible choices" or "no contrary medical evidence." *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir.1988) (citing *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir.1983)). In reviewing the substantiality of the evidence, a court must consider the record as a whole and "must take into account whatever in the record fairly detracts from its weight." *Singletary v. Bowen,* 798 F.2d 818, 823 (5th Cir.1986).

Petitioner raises two issues on this appeal:

1. The ALJ's RFC finding is contrary to law and not supported by substantial evidence because it is based on a defective analysis of the medical opinions of record; and

2. The ALJ's credibility assessment is generally defective because of the above errors and is specifically so because of her failure to consider Plaintiff's stellar work history in her assessment..

*Issue No. 1:*

The arguments on this issue can be separated into two categories.  First are the exertional limitations, primarily related to his COPD, and addressed by the consultative examiner, Dr. Daryl Daniel, M.D.  Tr. 714.  It is undisputed that, if fully credited, Dr. Daniel's opinion would rule out any gainful employment on this record.[2]  Second are the non-exertional limitations related to his

---

[2] Petitioner provides detailed argument on this point and how the lifting/carrying limitations found by Dr. Daniel would have to be addressed by the vocational expert in order to determine whether any "medium" work was available to Petitioner. Dkt. No. 18 at 9-10. The Commissioner did not disagree in his brief. Dkt. No. 19.

3

anxiety, depression, ADD and PTSD, and addressed by the records of his treating psychiatrist, Dr. Paul Young, M.D. and the consultative psychological examiner, Dr. David McLendon, Ph.D.  Tr. 723.

Turning first to the findings of Dr. Daniel concerning the effects of Petitioner's COPD, as Petitioner points out, Dr. Daniel is the only physician who offered an opinion about the exertional limitations arising from Petitioner's COPD.  The ALJ expressly noted these limitations in her opinion – lifting/carrying up to 20 pounds frequently, and more than 51 pounds only occasionally.  Tr. 25.  She then goes on to note that Dr. Daniel also limited Petitioner to walking only 1 hour, and standing only 4 hours, in an 8-hour workday.  The ALJ assigns specific reasons for rejecting the standing/walking limitations assigned by Dr. Daniel.  His examination contains a number of normal findings that are inconsistent with the rather severe limitations on standing/walking.  Also, Dr. Daniel found that Petitioner could walk for 1 hour and stand for 4 hours *at one time* but had the same limitations in an 8-hour workday, an unexplained inconsistency.  However, the ALJ did not provide any reason to reject the lift/carry limitations, nor did she even discuss them critically.

The Fifth Circuit has long held that "ordinarily the opinions, diagnoses, and medical evidence of a treating physician who is familiar with the claimant's injuries, treatments, and responses should be accorded considerable weight in determining disability." *Scott v. Heckler*, 770 F.2d 482, 485 (5th Cir.1985).  However, "[T]he ALJ has the sole responsibility for determining the claimant's disability status." *Moore v. Sullivan*, 919 F.2d 901, 905 (5th Cir.1990).  Thus, the Fifth Circuit has held that:

> "when good cause is shown, less weight, little weight, or even no weight may be given to the physician's testimony. The good cause exceptions we have recognized include disregarding statements that are brief and conclusory, not supported by medically

4

acceptable clinical laboratory diagnostic techniques, or otherwise unsupported by the evidence."

*Scott v. Heckler*, 770 F.2d 482 at 485 (5th Cir. 1985). While Dr. Daniel is not a treating physician, he is the only examining physician (regarding physical limitations) and therefore a similar analysis applies. The Commissioner correctly points out that the current regulations do not require the ALJ to separately address each individual opinion contained in a single medical source statement. However, the lifting/carrying limitations are critical in this case, where all of the jobs identified by the ALJ and vocational expert were classified as medium or heavy by the DOT. Tr. 29. While Dr. Daniel's examination did find that Petitioner had 5/5 muscle strength in all upper and lower extremities, that does not determine his ability to maintain this activity over an 8-hour shift. Dr. Daniel specifically found that "general physical activity increase does make his breathing condition more problematic." Tr. 714. Petitioner also has a history of medication and treatment for COPD and there are objective testing results supporting the symptoms[3] described in Petitioner's testimony at the hearing. Tr. 52.

Under the circumstances of this case, the Court finds that the failure of the ALJ to address the lifting/carrying limitations found by Dr. Daniel, leaves this record with no substantial evidence supporting the apparently critical portion of the residual functional capacity determination that "the claimant has the residual functional capacity to perform a full range of work at all exertional levels." Tr. 20.

The RFC determination of the ALJ does contain limitations addressing the effects of Petitioner's mental impairments from anxiety, depression, ADD and PTSD. Specifically, the ALJ

---

[3] See generally Dkt. No. 18 at 8-9.

limited him to work requiring "detailed but not complex instructions, free of any fast-paced production requirements." Tr. 20. The RFC also limits him to work involving not more than "frequent but not constant interaction with supervisors and coworkers" and only "occasional interaction with the public." *Id*.

Petitioner's treating psychiatrist, Dr. Paul Young, M.D., found extreme limitations on Petitioner's ability to do any work. He found Petitioner would require a break every 15 minutes or less, could not work with the public, co-workers, or supervisors, would be off task more than 25% of the time, and would be absent from work more than 4 days per month. Tr. 668-669. Any one of these limitations would preclude any employment. Furthermore, he made the same findings for periods when Petitioner was successfully employed, and Petitioner's own testimony at the hearing does not support such extreme limitations. Unlike the lifting/carrying limitations of Dr. Daniel, the ALJ discusses the above findings of Dr. Young at great length in her opinion. Tr. 23-24. Also, different is the fact that the restrictions established in the RFC to address the mental impairments are expressly supported by the consultative examination of Dr. McLendon, Ph.D., who found only mild limitations on Petitioner's functional capacity, which the Court finds are adequately addressed in the ALJ's RFC noted above. Tr. 723-724.

*Issue No. 2:*

The second issue is that Petitioner contends that the ALJ's decision to discount the testimony of the Petitioner concerning his limitations ignored Petitioner's "stellar work history." The record does reflect Petitioner's commendable work ethic. Even though it was not expressly referenced in the ALJ's opinion, it was clearly known to the ALJ as a result of Petitioner's

testimony at the hearing. Petitioner has not shown that the ALJ's assessment of Petitioner's credibility lacks the support of substantial evidence in the record.

*Conclusion:*

Having determined that the decision is in one critical respect not supported by substantial evidence in the record, the decision of the Commissioner is reversed and this matter is remanded to the Commissioner pursuant to the fourth sentence of 42 USC §405(g) for further proceedings consistent with this ruling.

**SIGNED this 18th day of July, 2022.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE